UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC BEYER,
: Plaintiff
:
:
v.                         : CIVIL NO. 1:09-CV-1398
:
DUNCANNON BOROUGH, *et al.*, :
: Defendants

*M E M O R A N D U M*

*I.     Introduction*

We are considering Defendants' motion for summary judgment. This matter relates to the 2008 termination of Plaintiff from the Duncannon Borough Police Department. Plaintiff alleges that Defendants Duncannon Borough, Duane Hammaker, and Patrick Brunner retaliated against him for exercise of his First Amendment right of free speech. Defendants filed a motion for summary judgment, arguing that Plaintiff's speech was not constitutionally protected, and Defendants Hammaker and Brunner did not engage in any retaliatory conduct.

*II.    Background*

In November 2005, two officers in the Duncannon area were in pursuit of a man involved in a shooting. The suspect, armed with a 7 mm Magnum rifle, shot and injured one officer and then killed himself. Within the community, the shooting raised the issue of officer safety, because the officers were armed with shot guns that had a significantly shorter range than the rifle used by the shooter. Following the incident, the Duncannon Police Department purchased two AR-15 rifles.

On November 20, 2007, the Borough Council learned that the two rifles had been purchased and began investigating the purchase. On December 18, 2007, the Council removed the rifles from service. On January 15, 2008, Plaintiff, a part-time police officer in Duncannon, attended a Borough Council meeting and requested that the rifles be placed back into service. Council denied the request. On March 6, 2008, Council placed one of the rifles back into service.

In June 2008, Borough Council became aware of internet postings made under the name "bigbear," discussing the Council's decision to remove the rifles from service. Some postings by "bigbear" used derogatory language to refer to Council members. In a January 16, 2008 posting, "bigbear" wrote "I told the mayor that I will be carrying my [personal] rifle until next month, but that they will be providing me with ammo." Pursuant to Borough policy, Plaintiff was required to provide his own weapon while on duty, but the Borough supplied ammunition.

The Council sent a letter to Plaintiff, asking whether he was the author of internet postings under the name "Big Bear." Plaintiff responded that he identified himself on some web sites as "bigbear." The Chairman of Duncannon's Community Policing Committee sent a letter dated July 1, 2008 to Beyer requesting his presence at a fact-finding interview on July 8, 2008. On the day of the scheduled meeting, the Chairman of the Committee received a written note from Plaintiff indicating that he would not be able to attend the meeting. On July 15, 2008, at a regularly scheduled meeting, the Council approved a motion terminating Plaintiff's employment.

2

Plaintiff argues that his termination was a result of his criticism of the Council's decision to remove the rifles from service and reference to the negative impact on officer safety. Michael Fedor and Duane Hammaker, members of the Council, contend Plaintiff was discharged because he failed to attend the July 8, 2008 meeting. Hugh Brunner, another member of the Council, was concerned with an internet posting, believed to be authored by Plaintiff, indicating he would continue to carry a rifle after Council removed the Borough-owned rifles from service.

Council members Lauster, Bomberger, Fedor, and Bell voted in favor of Plaintiff's discharge. Members Brunner and Conrad voted against the discharge. Hammaker did not participate in the vote, but he did, in his capacity as Council President, send Plaintiff a termination notice.

Plaintiff brought the present action on July 17, 2009, alleging Defendants Hammaker, Brunner, and the Duncannon Borough retaliated against him for exercise of his First Amendment right of freedom of speech. Defendants filed a motion for summary judgment on May 30, 2012. Plaintiff responded on August 3, 2012.

III.     *Discussion*

   *A. Standard of Review*

We will examine the motions under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party, and

may affirm a grant of summary judgment only if no reasonable juror could find for the non-movant." Id.

### B. First Amendment Retaliation Claim

Defendants move for summary judgment, arguing that Plaintiff's speech was not protected by the First Amendment, Plaintiff has not provided sufficient evidence to demonstrate that Defendants Hammaker and Brunner engaged in retaliatory action, and the undisputed facts show that Plaintiff was terminated for failing to appear at the July 8, 2008 fact-finding interview.[1]

To bring a retaliation claim, a plaintiff must allege three things: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 265, 296 (3d. Cir. 2006).

#### 1. Constitutionally Protected Conduct

Defendants argue that Plaintiff was not engaged in any constitutionally protected conduct. Specifically, Defendants contend that Plaintiff's use of a derogatory

---

[1] Defendants also argue that summary judgment should be granted "for post-discharge legal proceedings initiated by the Duncannon Police Officers Association, including an uncompleted grievance proceeding and an unfair labor claim determined, as a matter of law and Order of the Pennsylvania relations Board to have lacked legal merit." (Doc. 53, at 3). Defendants fail to explain how this grievance proceeding relates to Plaintiff's First Amendment claim, and thus, we will not consider the argument.

4

term in his internet posting was not constitutionally protected. The Third Circuit has found that

> A public employee's statement is protected activity only where (1) the employee spoke as a citizen (2) about a matter of public concern and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made.

Hara v. PA Dep't of Educ., 2012 U.S. App LEXIS 17066, *3-4 (3d Cir. 2012) (nonprecedential) (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006).

Whether Plaintiff's speech involves an issue of public concern is determined by "the content, form, and context of a given statement, as revealed by the whole record." Connick v. Meyers, 461 U.S. 138, 147-48, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983). Generally, such speech involves a social or political concern, such as complaining about racial discrimination. Borden v. Sch. Dist., 523 F.3d 153, 170 (3d Cir. 2008). "[S]peech on matters of purely private concern is of less First Amendment concern." Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 759-60, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985).

While off duty, Plaintiff posted anonymous messages in a public forum, discussing the negative impact of the Council's decision to remove the rifles from service. His comments involve the safety of police officers in Duncannon Borough. The content, form, and context of the postings show that he was speaking as a citizen about a matter of public concern.

To determine whether Defendants had an adequate justification for this treatment of Plaintiff, we "balance the First Amendment interest of the employee against 'the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" Borough of Duryea, Pa. v. Guarnieri, 131 S. Ct. 2488, 2493, 180 L. Ed. 2d 408 (2011) (quoting Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968)). Defendants make no argument regarding how the Plaintiff's use of profanities affects the public services they provide. Instead, they argue that Plaintiff used derogatory terms to describe members of the Borough Council, and this type of speech is not protected. They cite no case law in support of their argument, and fail to address Plaintiff's assertion that he was fired in retaliation for comments critical of the Council's behavior. Plaintiff's use of profanity does not preclude constitutional protection. See Cohen v. California, 403 U.S. 15, 25, 91 S. Ct. 1780, 29 L. Ed. 2d 284 (1971) (finding profane speech may be constitutionally protected).

*2. Retaliatory Action*

Defendants Hammaker and Brunner contend that Plaintiff has not presented any evidence demonstrating that they engaged in retaliatory action. In order to present a claim for retaliation, Plaintiff must show that Defendants engaged in retaliatory conduct "sufficient to deter a person of ordinary firmness from exercising his or her rights." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Defendant Brunner participated in the vote to discharge Plaintiff, but he voted against dismissal.

We agree with Defendant Brunner that Plaintiff has not provided sufficient evidence that demonstrates he was involved in any retaliatory action.

Defendant Hammaker, President of the Council, signed a letter to Plaintiff reflecting the Council's decision to discharge him. As President, Hammaker only casts a vote to break a tie. The vote to discharge Plaintiff did not result in a tie, and Hammaker's vote was not needed. We agree with Defendant Hammaker that Plaintiff has not provided any evidence that he engaged in retaliatory conduct.

The last remaining Defendant, Duncannon Borough, however, engaged in action that may be considered retaliatory. Through its Council, the Borough chose to discharge Plaintiff. Viewing the record in the light most favorable to the Plaintiff, a jury could conclude Plaintiff's termination was retaliatory.

*3. Causal Link*

The final element, a causal link between the retaliatory action and the protected conduct, is in dispute. To determine whether there is a causal link, Plaintiff must show:

> (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. In the absence of that proof, the plaintiff must show that from the "evidence gleaned from the record as a whole" the trier of fact should infer causation.

Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). The defendant must know about the protected activity in order to demonstrate that it was a causal link. Gorum v. Sessoms, 561 F.3d 179, 188 (3d Cir. 2009).

Defendants argue that there is no causal link between Plaintiff's discharge and his protected speech. They contend that Plaintiff was discharged as a result of failing to attend the fact-finding interview on July 8, 2008. The Council became aware of the internet postings in June 2008, contacted Plaintiff about the postings, and then sought to hold fact-finding hearing in early July. At this hearing, the Council wanted to "better understand the postings by 'bigbear' on the internet.'" (Doc. 47-13). The proximity of the Council's discovery of the postings and Plaintiff's termination indicate that there is a causal link. In the light most favorable to the Plaintiff, a jury could find that the Council retaliated against Plaintiff for making comments critical of their decision concerning the rifles.

*C. Qualified Immunity*

Defendants' final argument, put forth in a single footnote in their brief, is that they are entitled to qualified immunity "[i]n deliberating upon and approving the Resolution." (Doc. 53, at 10). The resolution referred to by Defendants is the firearms policy adopted by the Council on March 6, 2008, placing one rifle back into service and selling the other.

Qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011). For a right to be clearly established, its "contours must be sufficiently clear that a reasonable official

would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002). The unlawfulness must be "apparent." Id. Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" al-Kidd, at 2085 (citation omitted).

Defendants' qualified immunity argument fails to address the present claim. The retaliatory action alleged by Plaintiff is his discharge. Whether Defendants are entitled to qualified immunity based upon the Council's deliberation and adoption of the firearms resolution is irrelevant.

*IV.	Conclusion*

Defendants' Hammaker and Brunner have demonstrated that they are entitled to summary judgment, because Plaintiff failed to show that they engaged in any retaliatory conduct. Because there are genuine issues as to material facts surrounding Plaintiff's termination, Duncannon Borough has not established it is entitled to summary judgment.

We will issue an appropriate order.

 /s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC BEYER, :
    Plaintiff :
     :
v. : CIVIL NO. 1:09-CV-1398
     :
DUNCANNON BOROUGH, *et al.*, :
    Defendants :

*O R D E R*

AND NOW, this 1st day of October, 2012, upon consideration of Defendants' motion for summary judgment (Doc. 46), Plaintiff's response thereto, and pursuant to the accompanying Memorandum, it is ORDERED that:

    1. Defendants' motion for summary judgment is GRANTED as to Defendants Brunner and Hammaker.

    2. Defendants' motion for summary judgment is DENIED as to Defendant Duncannon Borough.

                                   /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge